J-S24019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL RASHEED R. JOHNSON | : | |
| | : | |
| Appellant | : | No. 2630 EDA 2016 |

Appeal from the PCRA Order July 26, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008608-2009

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 14, 2019**

Daniel Rasheed R. Johnson appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court found the claims raised in his PCRA petition lacked merit. We affirm.

The trial court set forth an extensive factual history in its Pa.R.A.P. 1925(a) opinion filed on direct appeal. Trial Court Opinion, filed June 10, 2013, at 1-14. In November 2012, a jury convicted Johnson of second-degree murder, robbery, criminal conspiracy to commit murder, and carrying a firearm on public streets in Philadelphia.[1] The evidence admitted at trial included, among other things, eye witness testimony, testimony that Johnson

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 903, and 6106(a)(1), respectively.

had been riding a red bike and that a red bike was discovered at the crime scene, and video recordings of the crime scene.

The trial court sentenced Johnson to life imprisonment for the second-degree murder conviction and additional terms of imprisonment for the remaining convictions. Johnson appealed, and this Court vacated the sentence for the robbery conviction, finding the robbery conviction merged with the second-degree murder conviction for sentencing purposes. We affirmed the judgment of sentence in all other respects.

In February 2015, Johnson filed a timely PCRA petition alleging counsel was ineffective for failing to call a witness and for failing to object during the Commonwealth's opening statement, and that a conflict of interest existed with his trial counsel. The PCRA court appointed counsel, who filed a **Turner/Finley**[2] letter and a petition to withdraw as counsel. In the **Turner/Finley** letter, counsel explained why the issues raised in Johnson's PCRA petition lacked merit. In June 2016, the PCRA court filed notice of its intent to dismiss the petition without a hearing under Pennsylvania Rule of Criminal Procedure 907. Johnson filed an extension of time to file a response, which the trial court did not address. On July 26, 2016, the court dismissed the petition and permitted counsel to withdraw. Johnson filed a response to the notice of intent on August 1, 2016. He filed a timely notice of appeal.

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

In September 2017, in response to Johnson's "Petition for Release of Notes of Testimony and All Other Related Documents," we remanded the case to the PCRA court to provide Johnson, either via counsel or directly, copies of any requested transcripts or documents.

In addition, Johnson filed an "Application For Leave To File Post-Submission Communication and Motion To Stay Proceedings For Remand To The Trial Court For Full Evidentiary Hearing Pursuant To Pa.R.A.P. & Pursuant To §9545(b)(1)(ii) Newly Discovered Facts." He claimed he had new evidence that his conviction and sentence were based on fabricated and misleading testimony and police misconduct. In October 2018, this Court denied the application "without prejudice to [Johnson's] right to raise the issues in the motion, if properly preserved, in [Johnson's] brief or in a newly filed application for relief that may be filed after the appeal has been assigned to the panel of this Court that will decide the merits of the appeal." Order, filed Oct. 15, 2018.

In his appellate brief, Johnson states the following as his issues presented:

> (A) Trial counsel was ineffective in failing to conduct a statutory and[/]or reasonable pretrial investigation for the development of witness, counsel's none action violated [Johnson's] right to counsel as guaranteed by the [S]ix and [F]ourteenth Amendments to the United States Constitution[.]
>
> (B) A conflict of interest existed causing structural error denying [Johnson] a fair trial and effective assistance of counsel, being that, prior to trial petitioner filed a

malpractice claim against trial counsel . . . on August 18[,] 2011.

(C) Trial counsel was ineffective for failing to obtain an independent ballistics evaluation where proper testing of the ballistics evidence could have meant the difference between reasonable doubt and conviction and the prosecutor's deliberate misrepresentation of the ballistics evidence went unanswered.

Johnson's Br. at ii-iii (citations omitted). In the argument section of his brief, however, he argues the criminal indictment was a "product of police solicitation of false testimony, suggestive identification and undue influence." Johnson's Br. at B. He argues a Commonwealth witness Jasmine Fields initially identified another person from a photograph array. He further argues the Commonwealth failed to provide mandatory discovery and requests that we remand to the PCRA court so that such discovery can occur. He argues the Commonwealth's failure was unknown to him. He further requests that we reconsider our November 2018 order, in which we denied his request to remand to the PCRA court.

Johnson has failed to preserve the claims argued in his appellate brief, that is, the indictment was the result of undue influence, the Commonwealth failed to provide discovery, and any failure by the Commonwealth was unknown to him. Johnson did not raise the claims in the PCRA court, and he cannot raise the claims for the first time on appeal. Pa.R.A.P. 302(a). We therefore will not review the claims. As stated in our October 2018 order, Johnson may file a PCRA petition and attempt to raise the claims. We note, however, that, as the petition will not be filed within one year of the date the

- 4 -

judgment became final, Johnson must plead and prove an exception to the time-bar. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding where a PCRA appeal is pending, subsequent PCRA petition "cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review," and if subsequent petition is not filed within one year of date when judgment became final then the petitioner must plead and prove one of the three exceptions to the time-bar and comply with time limit set forth in 42 Pa.C.S.A. § 9545(b)(2)).

As to the claims raised in the PCRA court, Johnson does not argue such claims on appeal, and he has therefore waived them. **Commonwealth v. Sarvey**, 199 A.3d 436, 452 (Pa.Super. 2018) (appellant waived claim where only cited single case and relied on suppositions and bald facts). Further, even if he had not waived them, we would conclude the claims lacked merit.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of

demonstrating ineffectiveness rests on appellant." ***Ousley***, 21 A.3d at 1244 (quoting ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." ***Id.*** (quoting ***Rivera***, 10 A.3d at 1279).

Johnson's first claim was that his trial counsel was ineffective for failing to interview or call a witness.

To establish counsel was ineffective for failing to interview a witness, a PCRA petitioner must show that:

> (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Pander***, 100 A.3d 626, 639 (Pa.Super. 2014) (*en banc*).

The PCRA court concluded the claim lacked merit. It reasoned Johnson failed to name any alleged witness that trial counsel failed to interview, and did not state what any witness would have testified to, or how such testimony would have altered the outcome of the trial. The PCRA court further noted that the evidence against Johnson at trial was "overwhelming, including an eyewitness identification at the scene of the crime." Trial Court Opinion, filed June 28, 2017, at 11-12 ("1925(a) Op.").

The record supports the PCRA court's findings and the court did not err in finding the ineffectiveness claim lacked merit.[3]

Johnson next argued counsel was ineffective for failing to object to "false" remarks made during opening statements. The PCRA court found: "This undeveloped claim is also without merit because [Johnson] provides no evidence as to what constituted the alleged false remarks." 1925(a) Op. at 12. It further found Johnson failed to establish prejudice. *Id.* The PCRA court's findings are supported by the record, and it did not err in finding Johnson failed to establish his claim. As the PCRA court noted, Johnson failed to establish the prejudice prong of ineffectiveness claim, as he failed to establish the result of the trial would have been different if counsel had objected to any allegedly improper remarks made during the Commonwealth's opening statement.

Johnson's last claim was that there was a conflict of interest. On appeal he claims he filed a malpractice claim against his trial attorney in August 2011.

The PCRA court found: "[Johnson] does not provide any evidence as to the nature of the alleged conflict of interest." 1925(a) Op. at 12. It concluded

---

[3] In Johnson's late response to the notice of intent to dismiss, he claims that Leroy Jeter told a detective that the assailant was light in color and he could not tell the assailant's race, and claims that Johnson is "an extremely dark[-]skinned individual." Response, filed Aug. 1, 2016, at 2. However, Johnson does not establish that this testimony would have altered the outcome of the trial.

"this wholly undeveloped issue, with no basis in law or fact, does not entitle [Johnson] to relief." *Id.*

This was not error. Johnson has provided no evidence of any conflict of interest, including any evidence to establish he filed a claim against his trial counsel.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/19

---

[4] Johnson's Application for Leave to File Post-Submission Communication is denied. As with the claims raised in his appellate brief, Johnson may attempt to raise any additional PCRA claims raised in the post-submission communication in a subsequent PCRA petition.